**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ERIC FOSS | : | |
|     Petitioner | : | |
| | : | |
| v. | : | Criminal No. L-03-374 |
| | : | Civil No. L-06-151 |
| UNITED STATES OF AMERICA | : | |
|     Respondent | : | |
| | : | |
| | : | |

**MEMORANDUM**

Now pending is pro se Petitioner Eric Foss' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The papers adequately present the issues, so no evidentiary hearing is necessary.[1] Because Foss' petition is unripe, the Court will, by separate order, DISMISS the motion without prejudice with leave to amend and DIRECT the Clerk to CLOSE the case.

Mr. Foss plead guilty in federal district court to the charge of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. On March 11, 2005, he was sentenced to a term of imprisonment of 145 months. Defendant was classified as a "career offender" under the U.S. Sentencing Guidelines. On January 11, 2006, Mr. Foss filed the instant § 2255 motion.

Mr. Foss states in his motion that he is "currently" in state court seeking to vacate a prior state court conviction. Mr. Foss claims that this unspecified conviction lead to his federal sentencing enhancement as a "career offender." Mr. Foss' only prayer for relief from this Court

---

[1] See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required…on a § 2255 motion if the record conclusively shows that petitioner is entitled to no relief").

is "fo [sic] a stay on this § 2255 motion pending the outcome of the post-conviction motion in state court."

Mr. Foss has not filed any supplemental materials on the status of his post-conviction state court motion for vacatur. Because Mr. Foss filed the instant § 2255 prospectively, before his predicate offense was vacated, no case or controversy is presented for this Court to decide. Therefore, Mr. Foss' § 2255 motion is unripe.

Mr. Foss' unripe § 2255 motion is DISMISSED without prejudice with leave to amend, and the Clerk is DIRECTED to CLOSE the case.

Should Mr. Foss choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, Mr. Foss may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

It is so ORDERED this 20th day of November, 2008.

                                                                                                                    /s/

                                                      Benson Everett Legg  
                                                      Chief Judge